UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHNNY KEGLER,

                              Plaintiff,

                                                                                           Case #15-CV-6338-FPG

v.

                                                                                           ORDER DISMISSING CASE

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

On September 2, 2016, Plaintiff was ordered to show cause, in writing and before September 26, 2016, why this case should not be dismissed his for failure to prosecute this action. ECF No. 10. Despite the September 2, 2016 Order's explicit warning to Plaintiff that his failure to respond to the Order to Show Cause would result in the dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b), Plaintiff has not responded to the Order.

Fed. R. Civ. P. 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962). While a harsh remedy, the rule is "intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload." *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004).

A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*,

768 F.3d 212, 216 (2d Cir. 2014).  No single factor is generally dispositive.  *Nita v. Connecticut Dep't of Envtl. Prot.*,16 F.3d 482, 485 (2d Cir. 1994).

On June 23, 2015, Plaintiff was handed a copy of this Court's Standing Order regarding social security cases (which is also available on the Court's public website) that informed Plaintiff that his brief was due "within 60 days of the date on which the defendant files the certified transcript of administrative proceedings."  The transcript was filed on September 24, 2015, and although the Commissioner timely filed a brief on October 30, 2015 (ECF No. 9), the Plaintiff filed nothing.  In the year since the transcript was filed, Plaintiff has not contacted the Court in any fashion, and has filed nothing with the Clerk.  While this Court has attempted to provide Plaintiff with a fair opportunity to be heard, Plaintiff refuses to prosecute this action.

Due to his failure to prosecute this action, Plaintiff was ordered to show cause, and was warned that the failure to do so would result in the dismissal of his case.  ECF No. 10.  Despite that warning, Plaintiff ignored the Order.  Since Plaintiff has refused to prosecute this action and has refused to respond to the Court's Orders, there is no sanction less drastic than dismissal that would be effective.

Due to Plaintiff's failure to comply with the Court's Orders, and because Plaintiff has not communicated with the Court in any fashion to explain or correct the noncompliance despite being warned of the consequences of failing to respond, I find that dismissal is appropriate, and this action is hereby DISMISSED WITH PREJUDICE.  The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated:    September 29, 2016
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court